IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAURICIO GALLARDO GONZALEZ, #02347237, PLAINTIFF, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:24-CV-3256-K-BK |
| DALLAS LEADERSHIP FOUNDATION, HUTCHINS UNIT, ET AL., DEFENDANTS. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On December 17, 2024, Plaintiff Mauricio Gallardo Gonzalez, a state inmate, initiated this action by filing a complaint under 42 U.S.C. § 1983 against two prison ministries. He names as defendants (1) the Dallas Leadership Foundation and Pastor Reed at the Hutchins Unit, in Dallas, Texas, and (2) the Lakepoint Church and Pastor Leopoldo at the Estes-Sanders Unit, in Venus, Texas. Doc. 3 at 3.[1]

---

[1] Although Gonzalez also names his cellmate, Israel Vazquez Flores, as a defendant, he cannot satisfy the state-actor requirement for a claim under § 1983 as to Flores. Doc. 3 at 3. *See West v.*

Gonzalez complains chiefly of verbal abuse and harassment by the prison pastors on account of his Catholic faith beliefs and practices. Doc. 3 at 3-4. He alleges Defendants repeatedly attempted "to make me change my faith beliefs through extortion and violence." Doc. 3 at 3-4. Gonzalez further asserts that this resulted in psychological damage due to sleep deprivation and harassment. *Id.* (contending Defendants attempted "to make [him] become a psycho-patient"). Gonzalez also alleges sexual harassment and being subjected to racist remarks. Doc. 3 at 3-4. As relief, he requests that Defendants be fired. Doc. 3 at 4.

In his Answers to the Magistrate Judge's Questionnaire, Gonzalez reiterates his assertions of verbal abuse and harassment because of his religious beliefs. Doc. 11 at 1, 4. Gonzalez also mentions a brief cold spell with no heat in the pod for which Pastor Reed was allegedly responsible. Doc. 11 at 2-3. He concedes, however, that he did not suffer any physical injury as a result. Doc. 11 at 6; Doc. 11 at 3.

## II. ANALYSIS

Because Plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Those statutes provide for the *sua sponte* dismissal of an action if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to

---

*Atkins*, 487 U.S. 42, 48 (1988) (to state a § 1983 claim, the plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by one acting under color of state or law).

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Gonzalez's complaint is frivolous and fails to state a claim.

First, Gonzalez's allegations of verbal abuse and harassment by the prison pastors fail to state a plausible legal claim. Mere verbal abuse or harassment by prison employees, including threatening language and gestures, does not rise to the level of a constitutional violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.' ") (quoted case omitted)).

Second, Gonzalez's request that Defendants be discharged is beyond the scope of the remedies available in this type of action. Even if he had requested damages, however, 42 U.S.C. § 1997e(e) bars a prisoner plaintiff from recovering compensatory damages absent a showing of physical injury. Gonzalez admits that he suffered no such injury. Doc. 11 at 6.

Lastly, Gonzalez admits receiving medical care for a small hernia linked to strain from persistent coughing caused by a brief period of colder temperatures in the pod. Doc. 11 at 3. Because his bare assertions allege no more than a *de minimis* injury, § 1997e(e) again precludes compensatory damages. Finally, Gonzalez has not pleaded plausible facts sufficient to assert an Eighth Amendment violation based on his conditions of confinement. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

In sum, because Gonzalez fails to plead any plausible factual basis to support a legal claim, this case should be dismissed.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Here, considering the legal theories and facts Gonzalez posits, he clearly cannot state a plausible legal claim even if granted leave to do so. In addition, the Court has already permitted him to supplement his complaint by his answers to the magistrate judge's questionnaire. Thus, the Court concludes that Gonzalez has already pled his best case and granting further leave to amend would be futile and cause needless delay.[2]

### IV. CONCLUSION

For all these reasons, this action should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1).

**SO RECOMMENDED** on May 13, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Notwithstanding this finding, the 14-day objection period attendant to this report and recommendation will permit Gonzalez the opportunity to proffer any plausible facts and legal theories sufficient to cure the deficiencies noted herein.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).